IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS VELASCO,

        Plaintiff,

vs.                                                           No. CIV 01-256 MV/LCS

PETE MONTEZ, et al.,

        Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant Pete Montez' Motion to Dismiss filed June 1, 2001 (*Docs. 10 and 18*); Defendant Daniel Ornelas' Motion to Dismiss filed August 13, 2001 (*Doc. 24*); and Defendant Cass Mason's Motion to Dismiss filed August 21, 2001 (*Doc. 30*). The Court, having considered the Complaint, the memoranda submitted by the parties and the applicable law, finds that the Motions are well taken and recommends that they be granted.

### I. Background

1.      On March 5, 2001, Plaintiff Luis Velasco filed a Civil Rights Complaint. (*Doc. 1*). Within the Complaint Velasco claimed his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. Specifically, he alleges that Officers Montez, Ornelas, and Mason, all state actors, applied excessive force while arresting him. On a motion to dismiss, the factual allegations in the Complaint are taken as true. *See Swanson v. Bixler*, 750 F. 2d 810, 813 (10th Cir. 1984). Therefore, the following summary of the underlying incident at issue is described in a light most favorable to the Plaintiff.

2.      On October 6, 1999, the Plaintiff was arrested for violating a court order prohibiting him from visiting his wife and child. *See* Pl.'s Answer at 1. Officers Montez and Ornelas from Roswell, N.M., and Officer Mason from Hagerman, N.M. were the arresting officers. Velasco argues that during the arrest, Officer Montez took hold of his right wrist, Officer Ornelas took hold of his left wrist, and Officer Mason took hold of his back pant belt and back. *See* Compl. at 3a. He states that "[w]hile Officers Ornelas and Macy [sic] twisted my body forward to take me down, Officer Pete Montez twisted my right hand backwards very hard until there was a cracking sound and I yelled in pain." *Id*. Velasco adds that after he asked the officers to let him go, Officer Montez "angrily twisted my arm again in the opposite direction of the first brake [sic] until there was a second crunching sound." *Id*. The Plaintiff was then handcuffed and placed in Officer Ornelas' vehicle to be taken to the hospital. *Id*. On the way to the hospital, Velasco states that Officer Ornelas deliberately drove erratically in order to aggravate the Plaintiff's arm injury while riding in the backseat handcuffed. *See* Compl. at 3b.

## II. Standard of Review

3.      In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim, a district court must liberally construe the pleadings and must also accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Swanson*, 750 F. 2d at 813. The issue before a court considering a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U. S. 232, 236 (1974). A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U. S. 41, 45-46 (1957).

### III. Discussion

4.     The Defendants collectively argue that the although the Plaintiff adequately pleads a Fourth Amendment violation, he fails to state a claim under the Fifth, Eighth, and Fourteenth Amendments.

### Fifth Amendment

5.     The Defendants argue that the Fifth Amendment clause only protects against due process violations cause by federal agents. The Court agrees with the Defendants. The Fifth Amendment due process clause indeed only protects against due process violations caused by the federal government. *See Public Utilities Comm'n v. Polak*, 343 U. S. 451, 461 (1952); *see also Gomez v. North Dakota Rural Development Corporation*, 704 F. 2d 1056, 1058 (8th Cir. 1983). Nowhere in the Complaint does the Plaintiff allege the federal government was involved in the underlying arrest. In addition, the Plaintiff has stated within his Responses/Answers to the Motions to Dismiss that he does not oppose the dismissal of his Fifth Amendment claim. Therefore, I recommend that the Plaintiff's Fifth Amendment claim is not applicable to his excessive force claims and should be dismissed.

### Eighth Amendment

6.     The Defendants argue that the Eighth Amendment's prohibition against cruel and unusual punishment applies only to convicted inmates. The Plaintiff contends that his Eighth Amendment claim should not be dismissed because the arresting officers knew he was in violation of a court order at the time of his arrest. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U. S. CONST. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual

punishment applies only to convicted inmates. S*ee Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F. 3d 1313, 1320 (10th Cir. 1998). After reviewing the Complaint, I find that the facts alleged do not implicate the Eighth Amendment. It seems that of the constitutional bases alleged, only the Fourth Amendment would apply to Plaintiff's excessive force claims. Therefore, I recommend dismissing the Plaintiff's Eighth Amendment claim.

## Fourteenth Amendment

7. The Defendants' final contention is that the Plaintiff's Fourteenth Amendment claim should also be dismissed for the Plaintiff's failure to state a claim under the equal protection clause. The Plaintiff argues that he was treated differently than others during the span of his arrest. Specifically, the Plaintiff alleges that the Defendants "do not on a regular basis break peoples bones during arrests, then transport them to the hospital recklessly." *See* Pl.'s Response/Answer at 2.

8. After a thorough reading of the Complaint, the Plaintiff has not stated a claim that Defendants deprived him of equal protection pursuant to the Fourteenth Amendment. In fact, Complaint fails to provide the most basic element of an equal protection claim, an allegation of some form of disparate treatment, that similarly situated individuals are treated differently. *See, e.g., Jacobs, Visconsi & Jacobs*, *Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). The Plaintiff also fails to allege any discriminatory treatment originating in an impermissible class discrimination. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

9. Defendants argue that the Plaintiff's excessive force claim is not actionable as a matter of law under the Fourteenth Amendment and that the proper analysis is under the Fourth Amendment. The Defendants acknowledge that Plaintiff alleged sufficient facts to state claims for

4

excessive force in violation of the Fourth Amendment. The Court agrees that the appropriate analysis is under the Fourth Amendment. In *Graham v. Connor*, 490 U. S. 386 (1989) the Supreme Court held that all claims that law enforcement officers have used excessive force --deadly or not--in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach. *Id.* at 395. Under the Fourth Amendment, the question is whether the Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to underlying intent or motivation. *See Frohmader v. Wayne*, 958 F. 2d 1024, 1026 (10th Cir. 1992). Accordingly, I recommend finding that Plaintiff's Fourteenth Amendment claim be dismissed.

## RECOMMENDED DISPOSITION

I recommend GRANTING the Defendants' Motions to Dismiss with respect to the Plaintiff's Fifth, Eighth and Fourteenth Amendment claims. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**